**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BRIAN KRAMB,**

    **Plaintiff,**

v.                                                    CASE NO.:

**BIOLOGISTIC SOFTWARE SOLUTIONS, LLC, and HEMATOPATHOLOGY ASSOCIATES, LLC,**

    **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, BRIAN KRAMB, by and through undersigned counsel, brings this action against Defendants, BIOLOGISTIC SOFTWARE SOLUTIONS, LLC, and HEMATOPATHOLOGY ASSOCIATES, LLC, ("Defendants"), and in support of claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Pinellas County, Florida.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant Biologistic Software Solutions, LLC operates a technology company in St. Petersburg, in Pinellas County, Florida.

6. Defendant Hematopathology Associates, LLC operates a technology company in St. Petersburg, in Pinellas County, Florida. .

## GENERAL ALLEGATIONS

7. Plaintiff has satisfied all conditions precedent, or they have been waived.

8. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

9. Plaintiff requests a jury trial for all issues so triable.

10. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

11. At all times material hereto, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Defendants continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendants were and continue to be enterprises covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, Defendants were engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

15. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

## FACTS

16. Plaintiff began working for Defendants as an agent in April 2020, and he worked in this capacity until November 2021.

17. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendants, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

18. Defendants failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

19. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

20. Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

21. During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and he was not compensated for all of these hours in accordance with the FLSA.

22. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

23. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendants stating that Defendants' violations of the FLSA were willful;

c) An equal amount to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 22nd day of June, 2022.

                                            Respectfully submitted,

                                            _____
                                            **LUIS A. CABASSA**
                                            Florida Bar Number: 0053643
                                            **WENZEL FENTON CABASSA, P.A.**
                                            1110 N. Florida Avenue, Suite 300
                                            Tampa, Florida 33602
                                            Main Number: 813-224-0431
                                            Direct Dial: (813) 379-2565
                                            Facsimile: 813-229-8712
                                            Email: lcabassa@wfclaw.com
                                            Email: gnichols@wfclaw.com
                                            **Attorneys for Plaintiff**